IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | No.  84-30032 |
| ) | |
| FREDERICK CELANI,   ) | |
| ) | |
| Defendant.   ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

This cause is before the Court on Defendant Frederick Celani's pro se Motion to Dismiss Outstanding Probation Violation Warrant for Violation of Due Process  (d/e 244).   For the reasons that follow, the Motion is DENIED.

I. BACKGROUND

On November 26, 2012, Defendant filed the Motion to Dismiss Outstanding Probation Violation Warrant for Violation of Due Process.  The Motion sought, in part, the recusal of Judge Harold Baker.  On November 30, 2012, this case was transferred to this Judge for further proceedings.

The Motion also sought dismissal of the action. Defendant asserts that his due process rights have been violated because 1,275 days have passed since his arrest (March 17, 2009) and no arraignment has occurred.

On December 10, 2012, the Government responded to the Motion (see d/e 246) and filed an Appendix in support thereof (see d/e 247). The Motion, Response, Appendix, and pleadings in this case reflect the following.

In May 1984, Defendant was charged by indictment with conspiracy to commit racketeering (Count 1), interstate transportation of property obtained by fraud (Counts 2 through 4), wire fraud (Count 5), mail fraud (Count 6 through 16), and racketeering (Count 17). App. p. 1-38; see also d/e 1. In July 1985, a jury found Defendant guilty on 15 of the counts. App. p. 39. In September 1985, Judge Baker sentenced Defendant to 15 years' imprisonment on Count 1 and concurrent 10-terms of imprisonment on Counts 2 through 4. App. p. 39. The sentences on the remaining Counts were suspended, and Defendant was "admitted to probation for the term of five (5) years to commence on the completion of any parole term." App. p. 39.

On October 15, 2001, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision. See d/e 235. The Petition indicates the following:

> On July 18, 1991, Mr. Celani was paroled. On October 15, 1992, a warrant application was filed with the U.S.

> Parole Commission after he committed a new federal offense in the Eastern District of Arkansas and left the district that was supervising him without permission. He was sentenced on the new offense and his parole was revoked. On December 1, 1998, he was released from confinement on supervised release on the new federal offense and re-paroled on the instant offense. On April 8, 1999, a parole warrant was issued for failure to report to the probation officer as directed and failure to report a change in residence. His supervised release in the new federal offense was also revoked. Mr. Celani was re-incarcerated. While incarcerated, his parole term expired on March 17, 2000. On July 16, 2000, he was released from confinement on the supervised release violation from the new federal offense and began his five year term of probation on the instant offense.

See d/e 235. The Petition alleges Defendant violated the conditions of supervision by committing a new offense, failing to submit a monthly report, and failing to notify the probation officer of a change of residence. According to the Petition, the new offense was as follows:

> From at least **June 28, 2001,** it appears Mr. Celani has represented himself as an attorney, using the alias Bob Hunt, working for an organization named ULC Church. He solicited Cuban nationals in federal prisons, stating that if they paid a $250 fee he could evaluate their cases or for a $2,500 fee they could receive unlimited legal representation. Many inmates or their families sent Mr. Celani money. It is believed that he received several hundred dollars. (Emphasis in original.)

It is not clear from the record whether Defendant was ever charged or convicted of an offense for the conduct described in the Petition. On October 15, 2001, an arrest warrant was issued. See d/e 236.

In September 2005, Defendant was charged by criminal complaint (sealed) in the Eastern District of New York. App. p. 43. On March 17, 2009, Defendant was arrested and appeared in the New York District Court on the criminal complaint. App. p. 43. Defendant was subsequently indicted and ordered detained. App. pp. 43-44. The original indictment alleged that between December 8, 2004 and August 23, 2005, Defendant conspired with others to defraud investors (wire fraud conspiracy). App. pp. 71-75. On April 14, 2011, a superseding indictment was filed charging Defendant with conspiracy to commit wire fraud (Count 1; alleging the conduct occurred between December 8, 2004 and August 23, 2005), as well as numerous charges for conduct allegedly occurring between December 4, 2007 and March 17, 2009 (conspiracy to commit mail and wire fraud (Count 2), wire fraud (Counts 3 and 4); mail fraud (Counts 5 through 8). App. pp. 76-88. The matter remains pending and is currently set for trial in April 2013. App. p. 69.

Defendant asserts in his Motion that the United States Marshal, Central District of Illinois, lodged a detainer with the United States Marshal, Eastern District of New York, following Defendant's March 17, 2009 arrest in New York. See Motion (d/e 244). "A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either

to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." Carchman v. Nash, 473 U.S. 716, 719 (1985).

On June 12, 2009, Defendant filed in this Court a pro se Motion to Produce or in the Alternative Transfer the Pending Supervised Release Matter filed by Defendant (d/e 241). In the Motion, Defendant asserted that he was being held in the Eastern District of New York on another matter and requested either that he be transported to this Court for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1(a)(1) or that the probation revocation matter be transferred from the Central District of Illinois to the Eastern District of New York. On June 19, 2009, the Motion was denied. See Text Order of June 16, 2009 finding the Motion was without merit and denying the Motion.

Defendant has now filed the Motion at issue herein.

## II. ANALYSIS

In his Motion, Defendant asserts that his due process rights have been violated and dismissal of the probation violation proceedings is warranted. Defendant argues that Rule 5 (Initial Appearance) and Rule 40 (Arrest for Failing to Appear in Another District or for Violating Conditions of Release Set in Another District) of the Federal Rules of Criminal Procedure apply and, pursuant to those rules, the 1,275 day delay in holding his arraignment on the probation violation warrant has violated his due process rights.

Rule 5, which provides for an initial appearance upon arrest, does not apply to this case. See United States v. Horney, 47 Fed. Appx. 869, 871 (10th Cir. 2002) (Rule 32.1(a)(1), not Rule 5, applies to a person held in custody for violation of a condition of supervised release).[1] Rule 40 does not apply in this circumstance either. Rule 40 of the Federal Rules of Criminal Procedure "applies when the defendant is arrested in a district other than the district where the charges are pending against him, and only governs the procedures to be followed in the arresting district." United States v. Cannon, 711 F. Supp. 2d 602, 605 (2010). Defendant was arrested in New York on the charge in the New York case. He was not arrested in New York on the arrest warrant issued from this Court. And, in any event, Rule 40 would only govern the procedures to be followed in the district where Defendant was arrested.

Instead, revocation of probation or supervised release is governed by Federal Rule of Criminal Procedure 32.1(a)(1), which provides, in relevant part, as follows:

> **(a)  Initial Appearance.**
>
> **(1)  Person in Custody.**  A person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge.

---

[1] The constitutional protections for revocation of parole or probation are considered to be the same as the constitutional protections for revocation of supervised release. United States v. Sanchez, 225 F.3d 172, 175 (2d Cir. 2000).

Fed.R.Crim.P. 32.1(a)(1). Rule 32.1(a)(1) does not apply to Defendant, however, because he is not being held in custody for violating probation. See United States v. Escobar-Izaguirre, 2011 WL 3321304, at *2 (N.D. Ind. 2011) (holding that Rule 32.1(a)(1) did not apply to the defendant because he was not being confined for violating the conditions of his supervised release but was being confined for his conviction on the crime that constituted a violation of the conditions of his supervised release), citing United States v. Saykally, 777 F.2d 1286, 1286-88 (7th Cir. 1985). In this case, Defendant is being detained on the charges filed against him in New York, not due to the probation revocation petition filed in this Court or the arrest warrant issued by this Court. Therefore, he is not entitled to a first appearance under Rule 32.1(a)(1). See also, e.g., United States v. Kirkwood, 2005 WL 1563101, at *2 (N.D. Ill. 2005) (adopting "the findings of the Eighth Circuit, which rejected a similar claim based on the view that the safeguards of Rule 32.1 are for those persons in custody solely because of a violation of supervised release"), citing United States v. Pardue, 363 F.3d 695 (8th Cir. 2004).

Moreover, Defendant has not demonstrated a due-process violation because there is "no constitutional duty to provide [a] petitioner an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant." Moody v. Daggett, 429 U.S. 78, 89 (1976); see also United States v. Williams, 787 F.2d 1182, 1184 (7th Cir. 1986) (delay of the probation revocation

hearing did not violate the defendant's Sixth Amendment right to a speedy trial where the defendant was being held on a state court conviction); United States v. Scott, 850 F.2d 316, 320 (7th Cir. 1988) (noting that, "[a]rguably, the government could have lodged a warrant for [the defendant's] arrest for a probation violation as a detainer with the Attorney General and waited until [the defendant] was released from serving his sentence before holding a revocation hearing").

Defendant has not alleged that he will be prejudiced by a delay in executing the warrant for his arrest and the revocation hearing. See, e.g. United States v. Throneburg, 87 F.3d 851, 853 (6th Cir. 1996) ("due process concerns about delay come into play only when the delay has prejudiced the defendant's ability to contest the validity of the revocation"); Escobar-Izaguirre, 2011 WL 3321304, at *4, *5 n. 3 (finding that the "defendant suffers no prejudice from the holding of the hearing after his term of current confinement is completed because the policy of imposing consecutive sentences exists" whether the hearing is held before or after his release from confinement and noting that a delay that affects the ability to serve sentences concurrently does not implicate due process). Moreover, any prejudice could be cured by this Court ordering that the sentence imposed on revocation of probation (should probation be revoked) be retroactively concurrent with any sentence imposed by the New York District Court (should Defendant be convicted). See, e.g. United States v. Rassmussen, 881 F.2d 395, 400 (7th Cir.

1989) (finding the defendant was "not entitled to any relief because of the delay in disposing of the petition to revoke his probation" ).[2]

### III. CONCLUSION

THEREFORE, for the reasons stated, Defendant's Motion to Dismiss Outstanding Probation Violation Warrant for Violation of Due Process  (d/e 244) is DENIED.

ENTER: December 14, 2012

FOR THE COURT:

    s/Sue E Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE

---

[2] Although not raised by Defendant, this Court notes that neither the Speedy Trial Act nor the Interstate Agreement on Detainers is applicable to probation-violation detainers.  United States v. Brown, 480 Fed. Appx. 417, 419 (7th Cir. 2012).